By the Court, Bronson, J.
As I understand the return of the justice, the summons was not served upon Yiele, and the declaration and all the subsequent proceedings were against Leggett, and him only. It has been suggested that the summons in a justice’s court is like non-bailable process in courts of record; that although the summons is against several, the plaintiff may declare against each separately. (Cowen's Tr. 586, 2d ed.) I am not prepared to subscribe to that doctrine. I fear it would' lead to bad ends. But Leggett might waive the irregularity, as I think he did by pleading to the declaration, which was against himself alone. He should have taken the objection then that the pleading did not follow the process. Indeed, the pro *641 cess may be laid out of the case. It is enough that the parties appeared before the justice and joined an issue.
This brings us to the merits of the case. In my opinion, the contract of the defendant is a guaranty, and nothing else; and then the plaintiff cannot recover for two reasons : 1st, The agreement is void by the statute of frauds for the want of a consideration ; and 2d, It does not appear that the plaintiff was a party to the contract, and a guaranty is not negotiable. But my opinion has been overruled, and according to the cases this was either a new promissory note made by the defendant on the back of Yiele’s note; or else it was an endorsement of the original note. There is great difficulty in saying that the plaintiff can proceed on the notion that this was a new promissory note; for tire defendant’s contract is not in terms negotiable, as was the case in Ketchell v. Burns, (24 Wend. 456.) And it does not appear that the promise was made to the plaintiff, as was the case in Manrow v. Durham, (3 Hill, 584.) In Luqueer v. Prosser, (1 Hill, 256,) this court went upon the ground that the guarantor was liable with the other parties as a joint and several maker. But the court of errors, in reviewing our decision, seems to have held that Prosser was an endorser of the note, and that the judgment might be supported upon that ground. (Prosser v. Luqueer, 4 Hill, 420.) According to that doctrine, the defendant in this case may be regarded as an endorser of the note of Yiele, and having been properly charged as such, the action may well be maintained. If we can get rid of the special contract which the defendant actually made, it then stands as the common case of a note endorsed in blank by the payee. Such a contract imports a consideration, and is in its own nature negotiable. It matters not to whom the defendant passed the note. The holder may sue.
Judgment affirmed.